**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| ALFORD J. WINKFIELD, ) | |
| (ID # 1664170), ) | |
|           Petitioner, ) | |
| ) | |
| v. ) | No. 3:13-CV-3651-L (BH) |
| ) | |
| WILLIAM STEPHENS, ) | |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|           Respondent. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the *Motion for Judicial Notice,* received on May 5, 2015. (doc. 12.) Based on the relevant findings and applicable law, the post-judgment motion should be construed as a successive petition under § 2254, and **TRANSFERRED** to the court of appeals.

**I.  BACKGROUND**

On September 14, 2010, Alford J. Winkfield (Petitioner) pled guilty to the aggravated sexual assault of a child in Cause No. F43573 in the 18th District Court of Johnson County, Texas, and he pled true to two enhancement paragraphs. After a sentencing hearing, the jury sentenced him to life imprisonment. (doc. 5, at 2-3); *see also Winkfield v. State*, No. 10-10-00394-CR, 2011 WL 4490233 (Tex. App.–Waco Sept. 28, 2011). Petitioner appealed his sentence, and the Tenth District Court of Appeals affirmed in an unpublished opinion on September 28, 2011. *Winkfield*, slip op. at *2. He filed a petition for discretionary review that was refused by the Court of Criminal Appeals on February 1, 2012. (PD-1590-11). He did not file a petition for certiorari with the Supreme Court. (doc. 5, at 3).

On April 18, 2013, Petitioner filed his state application for writ of habeas corpus with the trial court. *See Ex parte Winkfield*, WR-79,807-01(State Habeas Record "S.H.Tr.":199-210). On July 10, 2013, the Court of Criminal Appeals denied the application without written order. *See Ex parte Winkfield*, WR-79,807-01 (Tex. Crim. App. July 10, 2013).

On September 4, 2013, Petitioner mailed a letter requesting permission to file an untimely federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (doc. 3. at 1). By order dated September 13, 2013, Petitioner was expressly given notice that the Court lacked subject matter jurisdiction to grant an extension of time to file a federal petition and allowed thirty days to file an amended federal petition on the appropriate form. (*See* doc. 4.) On October 6, 2013, Petitioner mailed his amended § 2254 petition. (*See* doc. 5 at 10.) By order and judgment entered November 12, 2013, the petition was dismissed as barred by the applicable statute of limitations. (docs. 10, 11.)

More than one year later, Petitioner filed his post-judgment motion. (doc. 12.) Citing Texas Rule of Evidence 201, he asks the Court to take judicial notice of certain facts relating to his underlying state conviction. *Id.* He contends that his state charge arose in 2000 but he was prosecuted under a law that was not in effect until 2007 in violation of the Ex-Post Facto clause, the State indicted him too long after the victim signed the complaint in violation of the Ex-Post Facto clause, he was charged after the three-year statute of limitations had expired, and his charge was improperly elevated from a second degree felony to a first degree felony. (*Id.* at 2-3.) He expressly argues that "his current sentence, s/be void and illegal". (*Id.* at 3.)

## II. POST-JUDGMENT MOTION

Although titled as a "Motion for Judicial Notice," Petitioner clearly seeks relief from the judgment in his habeas case.

Rule 60(b) of the Federal Rules of Civil Procedure provides that upon motion, a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. FED. R. CIV. PROC. 60(b)(1)-(6). A Rule 60(b) motion must be made within a reasonable time, and no longer than one year after judgment was entered under subsections (1), (2), and (3). *See* FED. R. CIV. P. 60(c)(1).

As noted, Petitioner appears to be arguing that his sentence is void. Rule 60(b)(4) provides for relief from a *federal* judgment that is void. The Fifth Circuit has recognized two circumstances under which a district court's judgment may be set aside under Rule 60(b)(4) as void: 1) if the district court lacked subject matter or personal jurisdiction over the case; or 2) if the district court acted in a manner contrary to due process. *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998). Due process in civil cases usually requires only proper notice and service of process and a court of competent jurisdiction, and even serious procedural irregularities during the course of the civil case will not subject the judgment to collateral attack. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996). Petitioner has neither alleged nor shown that this Court lacked jurisdiction over his habeas case, or that it acted contrary to due process of law.

Petitioner's motion may be construed as arising under the "catch-all" clause of Rule 60(b)(6). *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002). This clause is "'a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional

3

circumstances.'" *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216. In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth the following factors to consider when evaluating such a motion: 1) that final judgments should not lightly be disturbed; 2) that a Rule 60(b) motion should not be used as a substitute for appeal; 3) that the rule should be liberally construed in order to achieve substantial justice; 4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; 5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; 6) whether there are intervening equities that would make it inequitable to grant relief; and 7) any other factors relevant to the justice of the judgment under attack. *Id*. at 402.

Here, Petitioner had a fair opportunity to present all of his claims challenging his conviction, and he had an opportunity to appeal the judgment. He has shown no extraordinary circumstances that demonstrate a reason to disturb the final judgment in this case.

Moreover, in *Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005), the Supreme Court held that a motion for relief from judgment that seeks to advance one or more substantive claims, or attacks a federal court's previous resolution of a claim on its merits, qualifies as a second or successive habeas petition. *See also Ruiz v. Quartermann*, 504 F.3d 523, 526 (5th Cir. 2007). A motion that merely challenges the failure to reach the merits of the habeas petition is properly filed under Rule 60(b), however. *See Gonzalez*, 545 U.S. at 538 (holding that "a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of

4

error in the movant's state conviction" and noting that "[a] motion that ... challenges only the District Court's failure to reach the merits does not warrant such treatment"); *see also Chase v. Epps*, 74 F. App'x 339, 345 (5th Cir. 2003) (per curiam) ("A Rule 60(b) motion that purports to challenge the denial of a 28 U.S.C. § 2254 petition but actually attacks the underlying criminal conviction may be construed as a successive . . . application") (citations omitted).

Petitioner's challenge to his conviction was dismissed as time-barred. Because his motion does not challenge the failure to reach the merits of his original habeas petition, and asserts new grounds for relief from the underlying state court conviction he originally challenged in this case, it is properly construed as a successive petition for relief under 28 U.S.C. § 2254.

### III. SUCCESSIVE § 2254 PETITION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37. If it essentially

represents a second attack on the same conviction raised in the earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment").[1]

Under *Hardemon* and *Crone*, Petitioner was required to present all available claims in his original petition. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004) (recommendation of Mag. J.), *adopted by* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether Petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging his conviction.

Petitioner's motion is a successive petition within the meaning of 28 U.S.C. § 2244(b) because it raises claims that could have been raised in his initial federal petition. When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the

---

[1] Although *Crone* involved a challenge to petitioner's holding judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, *Hardemon* considered both challenges to be against "the same conviction".

6

offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B).

Because the Fifth Circuit has not issued an order authorizing the district court to consider a successive petition for habeas relief, this Court lacks jurisdiction.

### IV. RECOMMENDATION

Petitioner's motion for relief from judgment should be **CONSTRUED** as a successive petition under 28 U.S.C. § 2254 and **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). The Clerk of the Court should be **DIRECTED** to (1) terminate the post-judgment motion in this habeas case; (2) open a new habeas case for administrative purposes only; (3) file the post-judgment motion as a § 2254 petition filed May 5, 2015 in that new case; (4) directly assign the new case to the same District Judge and Magistrate Judge as in this case; (5) file a copy of the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and the order accepting those Findings, Conclusions, and Recommendation , and the judgment in that new case; and (6) and without further judicial action, immediately **TRANSFER** the newly opened § 2254 action to the United States Court of Appeals for the Fifth Circuit.

**SO RECOMMENDED on this 8th day of May, 2015.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

7

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE